ARCHIE BOYD (INDIAN) *v.* ALLEN & ENOCH (INDIANS).

[58 South. 538.]

ADVERSE POSSESSION. *Requisites.*

> Actual adverse possession of land by a party claiming to·be the owner thereof, for more than ten years prior to the institution of a suit to recover the same, confers title to such land on such party.

APPEAL from the chancery court of Neshoba county. HON. J. F. McCOOL, Chancellor.

Suit by Allen & Enoch against Archie Boyd. From a decree for complainants, defendant appeals.

The parties to this suit are Indians, and the dispute is over the title to certain lands in Neshoba conuty. The appellees were the complainants in the court below, and the appellant was the defendant. The complainants filed a bill, alleging that their father, Ellis, who had been dead for seventeen years, at the time of his death, owned

(117)

an undivided half interest in the property in dispute, the other half interest being owned by another Indian, named Thompson, who had been dead about eight years; that complainants inherited the half interest of their father, Ellis, and that they were the next of kin of Thompson, and also inherited his half interest; that the defendant had moved upon said land, and was asserting a claim to it. The prayer of the bill is to remove the defendant's claim as a cloud upon complainants' title.

The defendant, answering, denies generally the allegations of the bill, and avers that many years prior to the death of Thompson and of Ellis that they had divided this land, one hundred and sixty acres of which was allotted to Thompson, and that Ellis had traded his portion of the land for property located elsewhere, which had since been claimed by complainants. The answer denied that complainants were the next of kin of Thompson, but averred that defendant's wife, Elizabeth, was the niece of Thompson, and that Elizabeth and her mother were living with Thompson when he died, and that defendant, who had married Elizabeth five years before Thompson's death, had lived on this property for a period of more than ten years before the filing of this suit, and claimed same, fenced it off, and paid taxes on it continuously since that time.

The chancellor entered a decree giving complainants an undivided one-half interest in the property, and Elizabeth, the wife of the defendant, the other undivided half interest, as tenants in common.

*Flowers, Alexander & Whitfield,* for appellant.

The evidence of adverse possession is so very evident, so enormously overwhelming that we are constrained to ask why the learned chancellor ever decided as he did, giving the complainants an interest to which they are clearly not entitled.

It can certainly not be under the theory that adverse possession runs not as among cotenants, that the learned

chancellor below rendered his ruling. Here were no co-tenants. Archie Boyd is not a cotenant with the complainants. The suit is not against Elizabeth, the wife. Archie and his wife held the property as their homestead; they lived on it; they paid the taxes; they gave deeds of trust on it; they held it out as their home. They could not have done more than they did to evince claim absolutely and exclusively to it. Aside from adverse possession, we have shown above that when Allen and Enoch at one time did give a deed of trust and thus start up some sort of claim which of course was embraced in and passed under their deed of trust, this claim by succession of deeds finally was bought in by Elizabeth. The learned chancellor held that Elizabeth and the complainants were in equal degree of kin to old Thompson. The court erred in this, but conceding it to be so, and that the land went to them in half interest, how can Allen and Enoch now hold? There is such a thing as adverse limitation running against a cotenant; and it certainly ran here.

Everything necessary to show was shown here to uphold defendant's claim. *Hicks* v. *Steigelman,* 49 Miss. 377; *Jones* v. *Brandon,* 59 Miss. 585; *Davis* v. *Bowmar,* 55 Miss. 671; *Davis* v. *Davis,* 68 Miss. 478. This was not a permissive holding. Allen's testimony shows this. *Dixon* v. *Cook,* 47 Miss. 220. No notice of adverse running had to be given by Archie and wife to Allen and Enoch. *Wilson* v. *Williams,* 52 Miss. 487.

A tenant in common with others may rely upon the possession of his cotenant as not running against him, but when the party actually occupying the land begins to show claim adversely such time of limitation begins then to run.

*H. H. Rodgers,* for appellant.

The appellant held this land under the title and right of Jim Thompson; his wife inherited same from Thomp-

son, and his title is made perfect by his adverse posses-
sion against the world for more than ten years next be-
fore the filing of this bill. *Ellis* v. *Murray,* 26 Miss. p.
129; *Davis* v. *Bowmar,* 55 Miss. 671; *Jones* v. *Brandon,*
59 Miss. 585; *Davis* v. *Davis,* 68 Miss. 478.

*Byrd & Wilson,* for appellees.

The property being motgaged by a cotenant and re-
deemed by a cotenant does not affect the title of either,
there being no attempt to fix any charge on tthe land for
the redemption thereof. The redemption from mort-
gage sale by one cotenant inures to the benefit of all.
*Beeman* v. *Beeman,* 90 Miss. 762; *Wyatt* v. *Wyatt,* 81
Miss. 219; *Smith* v. *McWhorter,* 74 Miss. 400.

Counsel for appellant contends that this suit is
brought against Archie Boyd, Indian, and not his wife,
Eizabeth, Indian, the heir of Jim Thompson, and, there-
fore, he is not bound by the law controlling title adverse-
ly as to cotenants. The whole pleading shows that he
defends on the right of his wife, asserting none in him-
self, and it is too late now for him to claim it in any other
capacity. The statute of limitation bars him in the same
manner and to the same extent as it does his wife, since
he defends wholly and exclusively upon her title. Though
admitting that he has a right to defend on his own claim
by adverse possession yet he falls far short of the ten
years adverse holding, since the bill was filed more than
ten years after Thompson died, who was in exclusive
possession of the land until he died.

Argued orally by *Chalmers Alexander,* for appellant.

SMITH, J., delivered the opinion of the court.

It is manifest from the evidence tthat defendant and
his wife have been in the actual adverse possession of
the land in controversy, claiming to be the owners there-
of, for more than ten years prior to the institution of

this suit; and consequently the decree of the court be-
low is reversed, and the bill dismissed.

*Reversed and bill dismissed.*
*Suggestion of error filed and overruled.*